874 F.2d 588
 29 ERC 1750, 19 Envtl. L. Rep. 21,076
 UNITED STATES of America, Appellee,
Missouri Coalition for the Environment; Wilhelmina D.
Roberts; and Richard Beatty, Appellants,
v.
The METROPOLITAN ST. LOUIS SEWER DISTRICT (MSD) and The
State of Missouri, Appellees.
 No. 88-2512.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 14, 1989.
Decided May 17, 1989.
 
 Lewis C. Green, St. Louis, Mo., for appellant.
 Dirk D. Snel, Washington, D.C., for appellees.
 Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* District Judge.
 BEAM, Circuit Judge.
 
 
 1
 Missouri Coalition for the Environment appeals from the district court's denial of its motion to intervene. We reverse.
 
 I. BACKGROUND
 
 2
 On March 22, 1988, the United States filed a complaint against the Metropolitan St. Louis Sewer District (MSD) and the State of Missouri, at the request of the Administrator of the Environmental Protection Agency (EPA). The complaint alleged that MSD had discharged pollutants into the Mississippi River in violation of effluent standards and without a permit, and that MSD had failed to construct facilities to comply with the Federal Water Pollution Control Act. The relief requested in the complaint included a permanent injunction against any future violations of the Act, an order mandating MSD's compliance with any new permit issued during pendency of the action, an order that MSD undertake an expedited program of modification to its facilities, and civil penalties to be assessed for each day of each violation of the Act.
 
 
 3
 On July 7, 1988, Missouri Coalition filed its motion to intervene, pursuant to 33 U.S.C. Sec. 1365(b)(1)(B) (1982). Section 1365 provides in relevant part:
 
 
 4
 (a) Authorization; jurisdiction. Except as provided in subsection (b) of this section and section 1319(g)(6) of this title, any citizen may commence a civil action on his own behalf--
 
 
 5
 (1) against any person * * * who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
 
 
 6
 (2) against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 (b) Notice. No action may be commenced--
 
 
 10
 (1) under subsection (a)(1) of this section--
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 (B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.
 
 
 14
 * * *
 
 
 15
 * * *
 
 
 16
 (g) Citizen. For the purposes of this section the term "citizen" means a person or persons having an interest which is or may be adversely affected.
 
 
 17
 33 U.S.C.A. Sec. 1365 (West 1986 & Supp.1988). The Federal Rules of Civil Procedure provide that "anyone shall be permitted to intervene in an action when a statute of the United States confers an unconditional right to intervene." Fed.R.Civ.P. 24(a).
 
 
 18
 Missouri Coalition's motion to intervene was accompanied by a proposed intervenor complaint. See Fed.R.Civ.P. 24(c). The complaint initially incorporated by reference all of the allegations set forth in the complaint filed by the United States, except those relating to the payment of civil penalties. The proposed intervenor complaint also set forth additional facts which the Coalition considered relevant to the determination of an appropriate time schedule for compliance with the Act and to the possible assessment of penalties. In the prayer for relief, Missouri Coalition requested, among other things, that the district court enter an order "[e]stablishing a reasonable schedule in which MSD is to attain compliance with the Clean Water Act, and ordering MSD to take appropriate steps to meet that schedule."
 
 
 19
 The district court denied the motion to intervene, reasoning that "[b]ecause the intervenors have failed to allege in their complaint any count seeking enforcement of the Clean Water Act's effluent standards or the EPA's 1984 order against MSD, it is inappropriate to permit them to intervene."
 
 II. DISCUSSION
 
 20
 Intervention as a matter of right is a question of law. We therefore review de novo the district court's denial of the motion to intervene. County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir.1986) (citations omitted), cert. denied, City of Irvine v. County of Orange, 480 U.S. 946, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987).
 
 
 21
 The plain language of section 1365 states that, if the Administrator has commenced a civil action such as the one here, "any citizen may intervene as a matter of right." 33 U.S.C. Sec. 1365(b)(1)(B) (1982) (emphasis added). The statute provides that a "citizen" under this section means one with an interest which is or may be adversely affected. Id. Sec. 1365(g).
 
 
 22
 In its motion to intervene and its proposed complaint, Missouri Coalition and two of its named members allege that many of the 25,000 members visit, cross, and frequently observe the bodies of water identified in the United States' complaint and that from time to time these members use these waters for recreational purposes. They also allege that these interests are adversely affected by the pollution of these waters. These allegations are sufficient to give the Coalition and its members constitutional standing and to classify them as "citizens" as defined in section 1365(g). See Chesapeake Bay Foundation v. American Recovery Co., 769 F.2d 207, 209 (4th Cir.1985) (per curiam); Friends of the Earth v. Consolidated Rail Corp., 768 F.2d 57, 60-61 (2d Cir.1985).
 
 
 23
 Intervention is available to Missouri Coalition as a matter of right. We disagree with the district court that the Coalition failed to sufficiently allege enforcement of effluent standards. To the contrary, the proposed complaint accompanying the motion to intervene incorporates by reference those portions of the United States' complaint which allege violation of such standards. Specifically, the United States alleges that MSD has violated the effluent standard requirements of the Clean Water Act by discharging pollutants into the Mississippi River (paragraph 20) and that each of the MSD facilities has violated effluent limitations (paragraph 28). Paragraph 5 of the intervenors' complaint incorporates by reference paragraphs 20 and 28, as well as all other relevant paragraphs of the United States' complaint. These allegations, combined with Missouri Coalition's request for "compliance with the Clean Water Act," are sufficient to bring the Coalition and its named members within the purview of section 1365(b)(1)(B).
 
 
 24
 Furthermore, it is not unreasonable to allow Missouri Coalition to intervene in this matter since they could have become a party through a different procedural route. Under section 1365(a)(2), any citizen may commence an action against the Administrator for his alleged failure to perform any nondiscretionary act or duty under Chapter 26 of Title 33, entitled "Pollution Prevention." Some of the allegations made by Missouri Coalition in its proposed complaint go to the failure of the Administrator to enforce compliance with this chapter.
 
 
 25
 The portion of the statute which states that no citizen suit may be commenced if the Administrator has already commenced a civil or criminal action applies only to subsection (a)(1), not to subsection (a)(2). Therefore, Missouri Coalition could have filed a separate action against the Administrator under subsection (a)(2) and sought to consolidate the action with that brought by the United States against MSD. See Fed.R.Civ.P. 42(a). Although the district court has wide discretion in determining whether consolidation is desirable, "courts have consistently used consolidation as a management technique when confronted with separate citizen and government enforcement actions under the [Clean Water] Act." Atlantic States Legal Found., Inc. v. Koch Refining Co., 681 F.Supp. 609, 615 (D.Minn.1988) (citations omitted).
 
 
 26
 Public policy is not violated by allowing Missouri Coalition to intervene in this action and assert a claim against the Administrator. As indicated, the same result could have been reached via a different route. Thus, we see no reason not to permit Missouri Coalition to intervene, allowing the entire matter to be litigated at once.
 
 III. CONCLUSION
 
 27
 For the reasons stated above, we reverse the district court and order that Missouri Coalition for the Environment and its named members be granted leave to intervene in the United States' action against MSD and the State of Missouri.
 
 
 
 *
 The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation